BENNER, (CHESTER v.) See Case No. 2,-660.

BENNER, (UNITED STATES v.) See Cases Nos. 14,568 and 14,569.

---

## Case No. 1,309.

### Ex parte BENNET.

[1 Pa. Law J. 145; 1 Pa. Law J. Rep. 28.]

District Court, E. D. Pennsylvania. 1842.

BANKRUPTCY — DIVESTITURE OF PETITIONER'S ESTATE—DECREE.

The property of a petitioner in bankruptcy is not divested out of him, until the decree has been made: hence, such property is subject to execution by any one of his creditors, until the time of the decree.

[See Downer v. Brackett, Case No. 4,043; Ex parte General Assignee, Id. 5,305; Ex parte Dudley, Id. 4,114.]

In bankruptcy. On the 29th March, 1842, Bennet filed his petition for the benefit of the bankrupt act, but before time enough had passed to obtain a decree of bankruptcy, one of his creditors issued a fi. fa. and levied on certain personal chattels returned and specified in Bennet's petition: and the property was just about to be sold by the sheriff.

A rule having been granted to stay proceedings under the levy, Mr. Chester, in support of the rule, argued as follows: The policy of the bankrupt act is equality among all creditors. Bennet has filed his petition, swearing to facts which show that he is entitled to be decreed a bankrupt; a decree will pass as matter of course. To allow a fi. fa. to be executed after a petition filed, would defeat the objects of the act, and encourage frauds. A man need only confess a judgment to a favourite creditor, and that creditor obtains his whole debt, while other creditors are defeated; or, if this would be considered a fraud on the act, he can facilitate, by mere inaction, the obtaining of a judgment, if the creditor be a favourite one, or retard judgment, if the creditor be not a favourite one; and all this in a manner which shall render it impossible to say whether his action has been done in good faith, or not. It is much better to say, that when a petition has been filed, setting forth such facts as will entitle a party to a decree, this property shall be protected. The law is thus settled in the western district of Pennsylvania. Such a petition may properly have this effect, for while it depends on various circumstances whether a party shall be disregarded and certificated, a decree of bankruptcy comes also in necessary sequence to the petition; and when the decree is obtained, justice is done to all the creditors alike. At all events, let the levy be contin-

ued till the time when the decree will in ordinary course, be made; and if the petition be withdrawn, or the decree be refused then let the sale be made. (Curia adv. vult.)

On a subsequent day his honour, [ARCHIBALD RANDALL, District Judge] gave his opinion:

The bankrupt law enacts, that the property of every bankrupt who may, by a decree of the court, be declared a bankrupt, shall, "from the time of such decree, be deemed to be divested out of such bankrupt," and shall be vested by the decree in the assignee named by the court. Section III. We can carry the policy of the act no further than the act itself has been pleased to define. By the terms of the act, the petitioner's property ceases to be his, only from the time of the decree. Before the decree passes, it must therefore be subject to execution. A decree does not necessarily follow the petition. The petition may be withdrawn; the debts may be all paid; the petitioner may die, or other circumstances may perhaps intervene before a decree is obtained, and to prevent it. There will probably be found inconveniences, whichever way the law be settled; but it is obvious that if filing a petition in this court, will prevent executions, a fraudulent debtor has a most simple resort to keep his creditors at bay, until he can so arrange his concerns as effectually to defy them. The rule was discharged.

---

## Case No. 1,310.

### BENNET et al. v. ALEXANDER.

[1 Cranch, C. C. 90.][1]

Circuit Court, District of Columbia. April Term, 1802.

BANKRUPTCY—DISCHARGE OF BANKRUPT — EFFECT ON BAIL.

A discharge of the principal under a commission of bankruptcy issued after the return of the sci. fa. against the bail is no discharge of the bail.

At law. Scire facias, returnable October 18th, 1801.

Mr. Youngs, for the defendant, after pleading "payment," and "no such record," moved for leave to plead the discharge of Charles Love, the principal, under the bankrupt law. The discharge was dated in December, 1801. The commission of bankruptcy issued October 20th, 1801.

But THE COURT refused to admit the plea, being of opinion it was no bar.

---

BENNET, (DOREMAS v.) See Case No. 4,-001.

BENNET, (MORRISON v.) See Case No. 9,-843.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]